**294·15   295·15**

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

ORIGINAL OBED JOSEPH RODRIGUEZ
_____
APPELLANT

VS.

THE STATE OF TEXAS
_____
APPELLEE

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

ORIGINAL CONVICTION IN THE 208TH
JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS
CAUSE NO: 1399946
           1407828

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

MAR 2 3 2015

CHRISTOPHER A. PRINE
CLERK

APPEALED FROM THE COURT OF APPEALS
NO: 01-15-00021-CR
    01-15-00022-CR

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

OBED J. RODRIGUEZ
T.D.C.J.# 1948981
J.V. ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TX 76367

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

APPELLANT. PRO-SE

# TABLE OF CONTENTS

INDEX OF AUTHORITIES............................................ii
PETITION FOR DISCRETIONARY REVIEW...............................1
STATEMENT OF THE NATURE OF THE CASE.............................1
STATEMENT OF PROCEDURAL HISTORY.................................1
STATEMENT REGARDING ORAL ARGUMENT..............................1
GROUNDS FOR REVIEW.............................................2

DID THE COURT OF APPEALS ERROR IN AFFIRMING THE TRIAL COURT, WHERE THE RECORD REFLECTS APPELLANT FILED A TIMELY MOTION-FOR-NEW-TRIAL ON OCTOBER, 7 2014 TITLED "MOTION-FOR-BENCH WARRANT?"....2

DID THE COURT OF APPEALS ERROR IN AFFIRMING THE TRIAL COURT, WHERE THE RECORD REFLECTS IN THE COURT'S DOCKET SHEET THAT "MOTION-TO-WITHDRAW PLEA" WAS ALSO FILED ON OCTOBER 7, 2014?....2

PRAYER FOR RELIEF..............................................5
CERTIFICATE OF SERVICE.........................................5

# INDEX OF AUTHORITIES

## CASELAW AUTHORITY        PGS.

DUSENBERRY V. STATE, 915 S.W. 2d 947, 949
(TEX. APP.-HOUSTON [1st DIST.] 1996, WRIT. REF'D) . . . . . . 3

STATE V. EVANS, 843 S.W. 2d 576, 578 (T.C.A 1992) . . . . . . . 3

WOIFF V. McDONNEIL, 418 U.S. 539, 558 (1974) . . . . . . . 3


## STATE STATUTES

TEX. R. APP. P. ANN. 66.3(a),(c) & (F) (VERNON PAMPH. 2012) . . . 2
TEX. R. APP. P. ANN. 69.1 (VERNON PAMPH. 2012) . . . . . . . 4

# PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Obed Joseph Rodriguez, the appellant, files his petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate procedure requesting the court to review and thereafter reverse the opinion issued by the First Court of Appeals in cause no. 01-15-00021-CR and 01-15-00022-CR, Rodriguez v. State and would show as follows:

## STATEMENT OF THE NATURE OF THE CASE

This appeal lies from appellant's conviction in the State of Texas v. Obed Joseph Rodriguez, cause no. 1399946 and 1407828 in the 208th Judicial District Court, Harris County, Texas. The record reflects the defendant pleaded guilty in each of the above trial court cause numbers to capital murder. On September 12, 2014, the trial court assessed appellant's punishment as a concurrent sentence of of life in prison without parole, in accordance with the terms of his plea bargain with the state. The trial court certified that these are both plea-bargain cases and that appellant has no right of appeal. Appellant filed a "Motion-for-Bench Warrant" on October 7, 2014. A "Notice-of-Appeal" was filed on December 22, 2014. No hearings were held on appellant's motions.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed appellant's conviction on February 19, 2015.

## STATEMENT REGARDING ORAL ARGUMENTS

Appellant does not request oral argument.

## GROUNDS FOR REVIEW

DID THE COURT OF APPEALS ERROR IN AFFIRMING THE TRIAL COURT, WHERE THE RECORD REFLECTS APPELLANT FILED A TIMELY MOTION-FOR-NEW TRIAL ON OCTOBER 7, 2014 TITLED "MOTION-FOR-BENCH WARRANT"?

DID THE COURT OF APPEALS ERROR IN AFFIRMING THE TRIAL COURT, WHERE THE RECORD REFLECTS IN THE COURTS DOCKET SHEET THAT "MOTION-TO WITHDRAW PLEA" WAS ALSO FILED ON OCTOBER 7, 2014?

---

## REASONS FOR GRANTING THIS PETITION

THIS COURT SHOULD GRANT THIS PETITION ON THE GROUNDS THAT: 1) THE COURT OF APPEALS DECLARED UNCONSTITUTIONAL OR APPEARS TO HAVE MISCONSTRUED, A STATUTE, RULE, REGULATION OR ORDINANCE; 2) THE COURT OF APPEALS DECISION DEPARTED SO FAR FROM THE ACCEPTED AND USUAL COURSE OF JUDICIAL PROCEEDINGS, OR SANCTIONED SUCH A DEPARTURE BY A LOWER COURT, AS TO CALL FOR THE EXERCISE OF THE COURT OF CRIMINAL APPEALS POWER OF SUPERVISION.
TEX. R. APP. P. ANN. 66.3 (a), (c) & (f) (VERNON PAMPH. 2012).

---

## GROUNDS FOR REVIEW

### APPELLANT'S FIRST GROUND FOR REVIEW

DID THE COURT OF APPEALS ERROR IN AFFIRMING THE TRIAL COURT, WHERE THE RECORD REFLECTS APPELLANT FILED A TIMELY MOTION-FOR-NEW TRIAL ON OCTOBER 7, 2014 HEADED "MOTION-FOR-BENCH WARRANT"?

### APPELLANT'S SECOND GROUND FOR REVIEW

DID THE COURT OF APPEALS ERROR IN AFFIRMING THE TRIAL COURT, WHERE THE RECORD REFLECTS IN THE HARRIS COUNTY COURTS DOCKET SHEET THAT "MOTION-TO-WITHDRAW PLEA" WAS ALSO FILED ON OCTOBER 7, 2014?

**I.** JURISDICTION WAS VESTED TO THE FIRST COURT OF APPEALS WHEN NOTICE OF APPEAL WAS TIMELY FILED THROUGH MOTION-FOR-BENCH WARRANT.

FIRST, APPELLANT CONTENDS THE FIRST COURT OF APPEALS ERRORED IN ITS CONCLUSION THAT IT CANNOT EXERCISE JURISDICTION OVER APPELLANT'S APPEAL UNLESS A NOTICE OF APPEAL IS FILED IN COMPLIANCE WITH RULE 26 OF THE TEXAS RULES OF APPELLATE PROCEDURE. (OPINION AT 2).

THE RECORD REFLECTS THAT APPELLANT FILED HIS "MOTION FOR BENCH WARRANT" ON OCTOBER, 7, 2014, THROUGH ~~WHICH~~ WHICH APPELLANT REQUESTED A HEARING IN ORDER TO "WITHDRAW [HIS] PLEA OR ARREST THE JUDGEMENT PRO-SE TO THE COURT AS ACCORDING TO ART. 44.02, T.C.C.P."

SEE: APPELLANTS-MOTIONS ATTACHED). APPELLANT CONCEDES THAT A "MOTION-TO-WITHDRAW PLEA" IS FUNCTIONALLY INDISTINGUISHABLE FROM A "MOTION-FOR-NEW TRIAL". DILSENBERRY V. STATE 915 S.W. 2d 947, 949 (TEX. APP.— HOUSTON [1st DIST.] 1996, WRIT. REF'D) (CITING STATE V. EVANS 843 S.W. 2d 576, 578 (TEX. CRIM. APP. 1992).

ALTHOUGH THE RECORD DOES NOT SHOW WETHER THE TRIAL COURT CONSTRUED APPELLANT'S MOTION-FOR-BENCH WARRANT AS A MOTION FOR NEW TRIAL OR THE TRIAL COURT RULING ON THAT MOTION THE RECORD DOES REFLECT THAT APPELLANT FILED A TIMELY MOTION REQUESTING A HEARING TO "WITHDRAW [HIS] PLEA". ON OCTOBER 7, 2014. THE TRIAL COURT, IN THE INTERESTS OF JUSTICE SHOULD HAVE CONSTRUED APPELLANT PRO-SE MOTION AS A MOTION-FOR-NEW TRIAL AND AFFORDED APPELLANT THE 90-DAY PERIOD IN ORDER TO FILE A NOTICE-OF-APPEAL [SEE: TEX. R. APP. P. 4.1(a), 9.2 (b)(1)(A), 25.2(b),(c)(1), 26.2 (a)(2)]. HAD THE TRIAL COURT RULED ON APPELLANT'S REQUEST TO WITHDRAW PLEA; APPELLANT'S DECEMBER 22, 2014 NOTICE-OF-APPEAL WOULD NOT HAVE BEEN PROCEDURALLY DEFAULTED. THIS COURT IS PRESENTED WITH A CASE WHERE IT IS EVIDENT THAT APPELLANT HAS ATTEMPTED TO DILIGENTLY PURSUE HIS CONSTITUTIONAL APPEAL RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND THE TRIAL COURT HAS VIOLATED APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS ~~WHICH~~ APPLIES TO STATE AND LOCAL INMATES. WOLFF V. McDONNELL 418 U.S. 539, 558 (1974)

"THE TOUCHSTONE OF DUE PROCESS IS PROTECTION OF THE INDIVIDUAL AGAINST ARBITRARY ACTION OF GOVERNMENT.")

-3

THIS COURT SHOULD GRANT APPELLANT'S PETITION FOR DISCRETIONARY REVIEW ON THESE GROUNDS AND ORDER THE TRIAL COURT TO ADDRESS APPELLANT'S MOTION FOR NEW TRIAL AND TO GRANT APPELLANT'S NOTICE OF APPEAL. Tex. R. App. P. 69.1 (VERNON PAMPH. 2012).

---

II. THE TRIAL COURT ERRED IN ITS RULING THAT APPELLANT FAILED TO TIMELY FILE A MOTION-FOR-NEW-TRIAL WHICH PREJUDICIALLY AFFECTED APPELLANT'S RIGHT TO NOTICE-OF-APPEAL.

THE COURT OF APPEALS INCORRECTLY CONCLUDED THAT APPELLANT'S ONLY TIMELY POST-JUDGEMENT MOTION WAS ENTITLED, MOTION-FOR BENCH WARRANT, FILED ON OCTOBER 7, 2014, AND; THUS, BECAUSE APPELLANT DID NOT FILE A MOTION FOR A NEW TRIAL... (OPINION AT 3)

THE RECORD REFLECTS THAT CONTRARY TO THE TRIAL COURT'S RECORD AND THE OPINION OF THE COURT OF APPEALS APPELLANT DID FILE A TIMELY MOTION PRO-SE TO WITHDRAW PLEA. (SEE; HARRIS COUNTY CRIMINAL DOCKET SHEET ENTRY DATED ON 10-8-14 ATTACHED AND SELF WRITTEN MOTION'S DATE-STAMP-FILED OCTOBER 7, 2014 ALSO ATTACHED)

THIS COURT SHOULD GRANT APPELLANT'S PETITION FOR DISCRETIONARY REVIEW ON THESE GROUNDS AND ORDER THIS CASE REMANDED BACK TO THE POINT OF APPELLANT'S TIME TO FILE A NOTICE-OF-APPEAL. Tex. R. App. P. 69.1 (VERNON PAMPH. 2012).

.4

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, APPELLANT PRAYS THIS HONORABLE COURT TO CONSIDER THE GROUNDS FOR REVIEW RAISED HERE IN, TO GRANT THIS PETITION FOR DISCRETIONARY REVIEW AND TO ORDER A FULL AND COMPLETE HEARING ON THE MERITS WITH BRIEFS.

RESPECTFULLY SUBMITTED,

OBED J. RODRIGUEZ
T.D.C.J.# 1948981
All RED UNIT
2101 FM 369 N.
IOWA PARK. TX. 76367

APPELLANT PRO-SE.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 18 DAY OF 2015, 2015, A TRUE AND CORRECT COPY OF THE FORE GOING BRIEF WAS ~~FOWAR~~ FORWARDED VIA U.S. MAIL TO THE STATE PROSECUTING ATTORNEY AT: P.O. BOX 12308, AUSTIN, TEXAS 78711, HON. LISA C. McMINN. AND ONE LEGIBLE COPY HAS BEEN FORWARDED VIA U.S. MAIL TO THE: CLERK OF THE FIRST COURT OF APPEALS, 301 FANNIN STREET HOUSTON, TEXAS 77002-2066

OBED JOSEPH RODRIGUEZ

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY TEXAS

2014 OCT -7 PM 12: 07

BY_____
CRIMINAL CUSTOMER
SERVICE

CAUSE NO. 1399446

1407828

THE STATE OF TEXAS

VS

OBED RODRIGUEZ

IN THE 208th JUDICIAL

DISTRICT COURT OF

HARRIS COUNTY, TEXAS

## MOTION TO WITHDRAW PLEA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OBED RODRIGUEZ (PETITIONER) IN THE ABOVE STYLED AND NUMBERED CAUSE, PRO-SE PURSUANT ART 44.02 OF THE TEX CODE OF CRIMINAL PROCEDURE PETITIONER WILL SHOW CAUSE.

## I. AUTHORITY

A DEFENDANT OBED RODRIGUEZ IN ANY CRIMINAL ACTION HAS THE RIGHT OF APPEAL UNDER THE RULES HEREINAFTER PRESCRIBED PROVIDED, HOWEVER, BEFORE THE DEFENDANT WHO HAS BEEN CONVICTED UPON EITHER HIS PLEA OF GUILTY OR PLEA OF NOLO CONTENDERE BEFORE THE COURT.

## II CURPOS DELICTI

THE STATE OF TEXAS AND ACCOMPLISH TEXAS PEN CODE § 7.02 (a)(2) JACKSON AND OTHERS, COUNSEL INEFECTIVE ASSISTANCE FAIL TO SUPPRESS EVIDENCE, FUTHER SUCH

UNAFFORDNESS BY THE STATE AND APPOINTED COUNSEL. THE TRUE FUNCTION OF ADMINISTRATION OF JUSTICE PROCEDURE UNDER THE 4TH AMENDMENTS OF THE UNITED STATES FOR TRIAL. HIGHLY UNCONSTITUTION AND THE DEFENDANT IS NOT READY FOR TRIAL AND COURT APPOINTED COUNSEL PUT DEFENDANT UNDER DURESS AND COERCION. THE STATE HAS EXCERSIZE DUEDILIGENC KNOWING/OR AFFONDANCE OF SUPPRESSING ACOMPLISH STATEMENTS/SIGN CONFESSIONS AGAINST THE CAUSE ABOVE.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, THE DEFENDANT RESPECTFULLY PRAYS THAT THIS HONORABLE COURT GRANTS THIS THE DEFENDANTS MOTION OF WITHDRAW PLEA.

RESPECTFULLY SUBMITTED

PETITIONER, PRO SE
PRINTED NAME: OBED RODRIGUEZ
TDCJ# 1948981
TDCJ UNIT, BYRD
21 FM 247
HUNTSVILLE, TEXAS 77320

## ORDER

ON THIS THE __1st__ DAY OF __10__ 20__14__, CAME TO
BE HEARD DEFENDANT'S MOTION FOR WITHDRAW PLEA
AND DUE CONSIDERATION FOR SAME HAVING BEEN GIVEN
BY THIS COURT, THE DEFENDANT'S MOTION

IS HEREBY:

GRANTED _____.

DENIED _____, AND IT IS

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, OBED RODRIGUEZ, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING DEFENDANT'S MOTION FOR WITHDRAW PLEA AND ORDER HAVE BEEN FORWARDED BY UNITED STATES MAIL, POSTAGE PREPAID, FIRST CLASS TO THE 208TH DISTRICT COURT PROSECUTING ATTORNEY FOR HARRIS COUNTY. TEXAS 208TH COURTHOUSE, HARRIS TEXAS 77002 ON THIS THE _1ST_ DAY OF _10_ 2014

_____
DEFENDANT, PRO SE

PRINTED NAME: OBED RODRIGUEZ

TDCJ# 1948981

TDCJ UNIT BYRD

21-FM 247

HUNTSVILLE, TEXAS 77320

FILED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY TEXAS

2014 OCT -7 PM 12:07

BY_____
CRIMINAL CUSTOMER
SERVICE

CAUSE NO. 1399946

140782.B

THE STATE OF TEXAS

VS.

OBED RODRIGUEZ

IN THE 208TH JUDICIAL

DISTRICT COURT OF

HARRIS COUNTY, TEXAS

## MOTION FOR BENCH WARRANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW OBED RODRIGUEZ (DEFENDANT) IN THE ABOVE-STYLED AND NUMBERED CAUSE AND STATES: "MY NAME IS OBED RODRIGUEZ (PETITIONER), MY OFFENDER NUMBER IS 1948981 . I AM COMPETENT TO MAKE THIS AFFIDAVID. I AM PRESENTLY INCARCERATED IN THE BYRD UNIT LOCATED AT 21 FM 247 IN HUNTSVILLE (CITY) TEXAS (STATE). I REQUEST THE COURT TO ISSUE A WARRANT FROM BENCH ORDERING THE SHERIFF OF WALKER (NAME OF COUNTY IN WHICH YOU ARE INCARCERATED) COUNTY, TO TRANSPORT ME TO THIS COURT FOR HEARING IN THIS MATTER SO THAT I MAY WITHDRAW MY PLEA OR AREST THE JUDGEMENT PRO-SE TO THE COURT UNDER OF AUTHORITY OF ART. 44.02 TEX. CODE CRIM. PROC.

<u>PRAYER</u>

PETITIONER RESPECTFULLY PRAYS THAT THIS
COURT GRANT THIS MOTION AND ORDER THE
SHERIFF OF WALKER COUNTY TO TRANSPORT
PETITIONER TO THE HEARING OF THIS CAUSE.

RESPECTFULLY SUBMITTED:

PETITIONER, PRO SE
PRINTED NAME: OBED RODRIGUEZ
TDCJ# 1948981
TDCJ UNIT BYRD UNIT
21 FM 249 ADDRESS
HUNTSVILLE, TEXAS 77320

CAUSE NO. 1399946
1407828

THE STATE OF TEXAS          IN THE 208TH

VS.                         JUDICIAL DISTRICT COURT

OBED RODRIGUEZ            OF HARRIS COUNTY, TEXAS


ORDER

TO THE HONORABLE JUDGE OF SAID COURT:


ON THIS THE 1ST DAY OF 10 2014
CAME ON TO BE HEARD THE DEFENDANT'S REQUEST
FOR BENCH WARRANT AND AFTER DUE CONSIDERATION
OF THE SAME IT IS.


ORDERED THAT THE DEFENDANT'S REQUEST FOR A HEARING
IS (GRANTED / DENIED); AND THE CLERK OF THE
COURT IS TO NOTIFY SAID DEFENDANT REGARDING THE
BENCH WARRANT OF THE DEFENDANT TO THIS
COUNTY FOR SAID TRIAL.


_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I, OBED RODRIGUEZ, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING DEFENDANT'S MOTION FOR BENCH WARRANT AND ORDER HAVE BEEN FORWARDED BY UNITED STATES MAIL, POSTAGE PREPAID, FIRST CLASS, TO THE 208TH DISTRICT COURT PROSECUTING ATTORNEY FOR HARRIS COUNTY TEXAS, 208TH COURTHOUSE, HARRIS, TEXAS 77002 ON THIS THE 1ST DAY OF 10 2014.

_____

DEFENDANT, PRO SE

PRINTED NAME: OBED RODRIGUEZ

TDCJ# 1948981

TDCJ UNIT: BYRD

21 FM 247

HUNTSVILLE, TEXAS 77320

| THE STATE OF TEXAS VS. RODRIGUEZ, OBED JOSEPH | Bond: $0 |
|---|---|
| Cause No.: 140782801010-3  Court: 208th | Next Setting: |
| Offense: CAPITAL MURDER          Level: C Level Felony | Case Disposition: Disposed |
| Charging Instrument: On Appeal CCA | Case Status: Appeal |
|  | Defendant Status: JAIL |

## GENERAL ORDERS OF THE COURT

### Docket Sheet Entries

| Date | Comment |
|---|---|
| 11/8/2013 | Felony Complaint Filed<br>OFFENSE: CAPITAL MURDER          C Level Felony<br>Bond Amount: $0 |
| 11/8/2013 | PRELIMINARY ASSIGNED COURT APPEARANCE SETTING: 11/11/2013 9:00 AM |
| 11/10/2013 | PROBABLE CAUSE FOUND |
| 11/11/2013 | Defendant RODRIGUEZ, OBED JOSEPH appeared without counsel |
| 11/11/2013 | Reset By Agreement Of Both Parties, 11/13/2013 09:00 AM Arraignment |
| 11/13/2013 | Defendant RODRIGUEZ, OBED JOSEPH appeared without counsel |
| 11/13/2013 | The defendant filed a sworn pauper's oath, and JUDGE COLLINS, DENISE J.<br>ordered SCARDINO, JOSEPH PHILIP          appointed as Appointed Defense Attorney |
| 11/13/2013 | Reset By Agreement Of Both Parties, 12/17/2013 09:00 AM Arraignment |
| 12/17/2013 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 12/17/2013 | Reset By Agreement Of Both Parties, 1/28/2014 09:00 AM Arraignment |
| 1/8/2014 | GRAND JURY ACTION: Felony Indictment GJ COURT: 351<br>OFFENSE: CAPITAL MURDER          C Level Felony<br>BOND AMOUNT: $0 |
| 1/8/2014 | Precept issued to serve copy of indictment |
| 1/28/2014 | Reset By Court, 2/28/2014 09:00 AM Disposition |
| 2/28/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 2/28/2014 | Reset By Agreement Of Both Parties, 4/03/2014 09:00 AM Disposition |
| 4/3/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 4/3/2014 | Reset By Agreement Of Both Parties, 5/15/2014 09:00 AM Disposition |
| 5/15/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 5/15/2014 | Reset By Agreement Of Both Parties, 7/02/2014 09:00 AM Disposition |
| 6/3/2014 | MOTION FILED: ST DNA RETEST NOTIFI |
| 7/2/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 7/2/2014 | Reset By Agreement Of Both Parties, 8/14/2014 09:00 AM Disposition |
| 8/14/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |

| 8/14/2014 | Reset By Agreement Of Both Parties, 9/11/2014 09:00 AM Disposition |
|---|---|
| 9/11/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 9/11/2014 | Reset By Agreement Of Both Parties 9/12/2014 09:00 AM Disposition |
| 9/12/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel SCARDINO, JOSEPH PHILIP. |
| 9/12/2014 | MOTION FILED: NTC INTNT DSTRY EVID |
| 9/12/2014 | Delivery Order Issued<br>Location: Texas Department of Criminal Justice |
| 9/12/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared in person with Counsel SCARDINO, PHILLIP, GRABER, JERALD & MORROW, ROBERT A. III. LANCE LONG appeared for the State. Court Reporter: CHERYL PIERCE Judge Presiding: COLLINS, DENISE Defendant waived arraignment and entered a plea of GUILTY. Defendant, appearing to the Court to be sane, is admonished by the Court of the consequences of said plea. Penalty recommendation of the State is: LIFE WITHOUT PAROLE. The Court found the defendant guilty and assessed punishment at LIFE WITHOUT PAROLE. Defendant sentenced to LIFE WITHOUT PAROLE in the INSTITUTIONAL DIVISION TDCJ. |
| 10/8/2014 | MOTION FILED: PROSE BENCH WARI |
| 10/8/2014 | MOTION FILED: PROSE W/DRAW PLEA |
| 12/1/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $11,400 |
| 12/29/2014 | MOTION FILED: PROSE:EXT OF TIME |
| 12/29/2014 | MOTION FILED: PROSE:COMPEL |
| 12/29/2014 | Notice of Appeal Filed |
| 12/30/2014 | Delivery Order Issued<br>Location: Texas Department of Criminal Justice awaiting mandate |
| 1/6/2015 | Assigned to 1st Court of Appeals |

| THE STATE OF TEXAS VS. RODRIGUEZ, OBED JOSEPH | Bond: $0 |
|---|---|
| Cause No.: 139994601010-3  Court: 208th Transferred from Court: 176  11/27/2013 | Next Setting: |
| Offense: CAPITAL MURDER                    Level:  C Level Felony | Case Disposition:  Disposed |
| Charging Instrument:  On Appeal CCA | Case Status:  Appeal |
|  | Defendant Status:  JAIL |

**GENERAL ORDERS OF THE COURT**

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 3/3/1933 | Transfer, 12/17/2013 09:00 AM Disposition |
| 9/1/2013 | Felony Complaint Filed<br>OFFENSE: CAPITAL MURDER          C Level Felony<br>Bond Amount: $0 |
| 9/1/2013 | PROBABLE CAUSE FOUND |
| 9/1/2013 | WARRANT ISSUED<br>BOND AMOUNT: $0 |
| 9/1/2013 | PRELIMINARY ASSIGNED COURT APPEARANCE SETTING: 9/4/2013 9:00 AM |
| 9/4/2013 | Defendant RODRIGUEZ, OBED JOSEPH did not appear. |
| 9/4/2013 | NO ARREST |
| 9/4/2013 | Continued 9/09/2013 09:00 AM Preliminary Assigned Court Appearance |
| 9/5/2013 | STATUTORY WARNINGS GIVEN TO DEFENDANT |
| 9/5/2013 | MOTION FILED: REQ APPT COUNSEL |
| 9/9/2013 | Defendant RODRIGUEZ, OBED JOSEPH appeared without counsel |
| 9/9/2013 | The defendant filed a sworn pauper's oath, and JUDGE BOND, STACEY WEBB<br>  ordered GRABER, JERALD KAPLAN appointed as Appointed Defense Attorney |
| 9/9/2013 | Reset By Operation Of Law, 10/23/2013 09:00 AM Arraignment |
| 10/10/2013 | MOTION FILED: FUNDS MITIG EXPERT |
| 10/10/2013 | MOTION FILED: FUNDS INVEST |
| 10/10/2013 | ORDER: FUNDS MITIG EXPERT GRANTED |
| 10/10/2013 | ORDER: FUNDS INVEST GRANTED |
| 10/15/2013 | The defendant filed a sworn pauper's oath, and JUDGE BOND, STACEY WEBB<br>  ordered MORROW, ROBERT A. III appointed as Appointed Defense Attorney |
| 10/23/2013 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 10/23/2013 | Continued 3/03/1933 09:00 AM NA |
| 11/26/2013 | GRAND JURY ACTION: Felony Indictment GJ COURT: 232<br>OFFENSE: CAPITAL MURDER          C Level Felony<br>BOND AMOUNT: $0 |
| 11/26/2013 | Precept issued to serve copy of indictment |
| 11/27/2013 | Case transferred to the 176th District Court.  Reason: Capital Murder |

| | |
|---|---|
| 11/27/2013 | Case transferred to the 208th District Court. Reason: Capital Murder |
| 12/3/2013 | ORDER: DEF ACCESS TO INTRVW RM GRT |
| 12/17/2013 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 12/17/2013 | Reset By Agreement Of Both Parties, 1/28/2014 09:00 AM Disposition |
| 1/28/2014 | Reset By Court, 2/28/2014 09:00 AM Disposition |
| 2/5/2014 | MOTION FILED: SEALED MO INTRPTR |
| 2/5/2014 | ORDER: GRTD SEALED INTERPRETER |
| 2/28/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 2/28/2014 | Reset By Agreement Of Both Parties, 4/03/2014 09:00 AM Disposition |
| 4/3/2014 | Reset By Agreement Of Both Parties, 5/15/2014 09:00 AM Disposition |
| 5/15/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 5/15/2014 | MOTION FILED: UNSEAL RECORDS |
| 5/15/2014 | ORDER: GRTD UNSEAL RECORDS |
| 5/15/2014 | Reset By Agreement Of Both Parties, 7/02/2014 09:00 AM Disposition |
| 6/3/2014 | MOTION FILED: ST DNA RETEST NOTIFI |
| 6/3/2014 | MOTION FILED: ST DNA RETEST NOTIFI |
| 6/13/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $3,499 |
| 7/2/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 7/2/2014 | Reset By Agreement Of Both Parties, 8/14/2014 09:00 AM Disposition |
| 7/9/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $1,497 |
| 8/14/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 8/14/2014 | Reset By Agreement Of Both Parties, 9/11/2014 09:00 AM Disposition |
| 8/25/2014 | MOTION FILED: PRO-SE DEF DISM ATTY |
| 9/11/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 9/11/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared in person with Counsel SCARDINO, PHILLIP, GRABER, JERALD & MORROW, ROBERT A. III. LANCE LONG appeared for the State. Court Reporter: CHERYL PIERCE Judge Presiding: COLLINS, DENISE<br><br>AT 11:06AM MATTERS WERE HEARD ON THE RECORD TO DISCUSS THE OFFER OF THE STATE EXPIRING AS OF 9/11/2014.<br>THE DEFENDANT WAS ADMONISHED BY THE COURT THAT THE STATES OFFER WILL BE OFF THE TABLE AT THE END OF THE BUSINESS DAY TODAY. |
| 9/11/2014 | Reset By Agreement Of Both Parties 9/12/2014 09:00 AM Disposition |
| 9/12/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared with counsel MORROW, ROBERT A. III. |
| 9/12/2014 | MOTION FILED: NTC INTNT DSTRY EVID |
| 9/12/2014 | Delivery Order Issued<br>Location: Texas Department of Criminal Justice |

| 9/12/2014 | Defendant RODRIGUEZ, OBED JOSEPH appeared in person with Counsel SCARDINO, PHILLIP, GRABER, JERALD & MORROW, ROBERT A. III. LANCE LONG appeared for the State. Court Reporter: CHERYL PIERCE Judge Presiding: COLLINS, DENISE<br><br>Defendant waived arraignment and entered a plea of GUILTY.<br><br>Defendant, appearing to the Court to be sane, is admonished by the Court of the consequences of said plea. Penalty recommendation of the State is: LIFE WITHOUT PAROLE.<br><br>The Court found the defendant guilty and assessed punishment at LIFE WITHOUT PAROLE.<br><br>Defendant sentenced to LIFE WITHOUT PAROLE in the INSTITUTIONAL DIVISION TDCJ. |
|---|---|
| 10/6/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $26,650 |
| 10/6/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $1,061 |
| 10/8/2014 | MOTION FILED: PROSE BENCH WARRI |
| 10/8/2014 | MOTION FILED: PROSE W/D PLEA |
| 10/10/2014 | MOTION FILED: PAY OVER MAX |
| 10/10/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $13,400 |
| 10/10/2014 | ORDER: GRTD PAY OVER MAX |
| 10/13/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $1,491 |
| 10/13/2014 | ORDER: ATTORNEY FEE VOUCHER<br>FEE AMOUNT: $711 |
| 10/31/2014 | MOTION FILED: ADD FUNDS |
| 10/31/2014 | ORDER: ADD FUNDS GRANTED |
| 12/29/2014 | MOTION FILED: PROSE:COMPEL |
| 12/29/2014 | Notice of Appeal Filed |
| 12/30/2014 | MOTION FILED: PROSE:EXT OF TIME |
| 12/30/2014 | Delivery Order Issued<br>Location: Texas Department of Criminal Justice awaiting mandate |
| 1/6/2015 | Assigned to 1st Court of Appeals |



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-15-00021-CR
## NO. 01-15-00022-CR

---

## OBED JOSEPH RODRIGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 208th Judicial District Court
### Harris County, Texas
### Trial Court Cause Nos. 1399946 and 1407828[1]

---

## MEMORANDUM OPINION

Appellant, Obed Joseph Rodriguez, proceeding *pro se* and incarcerated, pleaded guilty in each of the above trial court cause numbers to capital murder.

---

[1]    Appellate cause no. 01-15-00021-CR; trial court cause no. 1399946. Appellate cause no. 01-15-00022-CR; trial court cause no. 1407828.

*See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2014). On September 12, 2014, the trial court assessed appellant's punishment as a concurrent sentence of life in prison without parole, in accordance with the terms of his plea bargain with the State. The trial court certified that these are both plea-bargain cases and that appellant has no right of appeal. Nevertheless, appellant attempted to file a notice of appeal for both cases, and has also filed motions for the appointment of counsel and for an extension of time to file his appellate brief. We dismiss both appeals.

We lack jurisdiction over these attempted appeals. As an initial matter, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance with Rule 26 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, appellant's combined notice of appeal was filed on December 22, 2014—108 days after the September 12, 2014 judgment of conviction. *See* TEX. R. APP. P. 26.2(a)(1).[2]

Although appellant claims that his December 22, 2014 appeal was timely filed because it was within 90 days of the September 12, 2014 judgment plus the additional 10 days allowed for mailing, that 90-day period only applies if he timely filed a motion for new trial. *See* TEX. R. APP. P. 4.1(a), 9.2(b)(1)(A), 25.2(b),

---

[2] Under the prisoner mailbox rule, appellant's notice of appeal was deemed filed on December 22, 2014, the date he certified it was forwarded to be mailed to the trial clerk. *See Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014).

2

(c)(1), 26.2(a)(2). Appellant's only timely post-judgment motion was entitled, "Motion for Bench Warrant," filed on October 7, 2014, claiming that he wanted a hearing to "withdraw [his] plea or arrest the judgment pro-se to the court under of [sic] authority of Art. 44.02 Tex. Code Crim. Proc." "A motion to withdraw plea is functionally indistinguishable from a motion for new trial." *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, writ. ref'd) (citing *State v. Evans*, 843 S.W.2d 576, 578 (Tex. Crim. App. 1992)).

While the trial court could have construed appellant's motion for a bench warrant as a motion for new trial, there is no record of the trial court doing so or ruling on the motion. In the event that the trial court did construe appellant's motion for a bench warrant as a motion for new trial, it was denied by operation of law on November 26, 2014, because it was not ruled on by the trial court within 75 days of the September 12, 2014 judgment. *See* TEX. R. APP. P. 21.8(c), 22.4(b). Thus, because appellant did not file a motion for a new trial, appellant only had 30 days plus 10 days for mailing, after the September 12, 2014 judgment, or until October 22, 2014, to timely file his notice of appeal. *See* TEX. R. APP. P. 9.2(b)(1)(A), 26.2(a)(1). Because appellant's December 22, 2014 notice of appeal was untimely filed, we have no basis for jurisdiction over these appeals. *See* *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

In any event, even if we find that the trial court impliedly construed appellant's motion for a bench warrant as a motion for new trial, thereby making his notice of appeal timely, we also lack jurisdiction because these are both plea-bargain cases where the trial court did not grant him the right of appeal. In a plea-bargain case — where a defendant pleaded guilty and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — as here, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).

Here, the trial court's certifications, which are included in the records in each appeal, both state that these are plea-bargain cases and that appellant has no

4

right of appeal in either case. *See* TEX. R. APP. P. 25.2(a). The plea hearing record and waiver/plea admonishment papers show that appellant knowingly, intelligently, and voluntarily waived his right to trial and right of appeal in exchange for the State's recommendation that he be sentenced to life in prison without parole and the State would decline to seek the death penalty in both cases. Thus, the records support the trial court's certifications that these are plea-bargain cases and that the trial court did not give its permission to appeal in either case. *See Dears*, 154 S.W.3d at 615.

Because appellant has no right of appeal in either of these plea-bargain cases, we must dismiss these appeals. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without the expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

Accordingly, we dismiss both of these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justice Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

6